UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
CVD EQUIPMENT CORPORATION,

               Plaintiff,

   -against-

TAIWAN GLASS INDUSTRIAL CORPORATION, and
MIZUHO CORPORATE BANK, LTD.,

               Defendants.
------------------------------x

Docket No.: 10 CV 0573 (RJH)
(RLE)

## DECLARATION OF RUBY HUANG IN SUPPORT OF MIZUHO CORPORATE BANK, LTD'S MOTION FOR SUMMARY JUDGMENT

I, RUBY HUANG, declare as follows:

1. I am an executive in the Trade Finance Operations Department at the Taipei branch of Defendant Mizuho Corporate Bank, Ltd. ("Mizuho"). I submit this declaration in support of Mizuho's motion for summary judgment in the above-referenced action. This declaration is based upon my personal knowledge of the facts set forth herein, except where otherwise indicated.

2. In the ordinary course of business, banking institutions communicate with one another using an electronic transmission platform called "SWIFT." SWIFT is the acronym for the Society for Worldwide Interbank Financial Telecommunications. Several communications described herein between Mizuho and Capital One, N.A. ("Capital One"), a bank for Plaintiff CVD Equipment Corporation ("CVD"), were made in SWIFT transmissions.

3. Co-Defendant Taiwan Glass Industrial Corporation ("TGI") is and has been a banking customer of Mizuho. On or about September 15, 2008, Mizuho (as Issuing Bank) issued

a letter of credit to TGI in the amount of $11,880,000 (the "Letter of Credit") to facilitate an international sale of goods transaction between CVD (as Seller or Beneficiary) and TGI (as buyer or Applicant or Account Party). Capital One served as CVD's Advising Bank for the Letter of Credit.

4. Annexed hereto as Exhibit A is a true and correct copy of parts 1 and 2 of a September 15, 2008 SWIFT transmission from Mizuho to Capital One whereby Mizuho issued the Letter of Credit and which contains the original terms of the Letter of Credit. Mizuho issued such SWIFT transmission in the ordinary course of business and has since maintained it in its business records.

5. Annexed hereto as Exhibit B is a true and correct copy of an October 3, 2008 SWIFT transmission from Mizuho to Capital One whereby Mizuho issued certain amended terms of the Letter of Credit, including changing the final date for the shipment of CVD's goods to TGI as November 30, 2009 (see Field 44C). Mizuho issued such SWIFT transmission in the ordinary course of business and has since maintained it in its business records.

6. With respect to the reference in the Letter of Credit to "UCP Latest Version" (Exh. A, Field 40E), "UCP" refers to the Uniform Customs and Practices for Documentary Credits published by the International Chamber of Commerce ("ICC"). The most recent version of such rules is entitled the Uniform Customs and Practice for Documentary Credits, 2007 Revision, ICC Publication No. 600 ("UCP 600"). UCP 600 constitutes the latest version of the ICC's published industry rules and practices with respect to letters of credit and their terms. The Letter of Credit here provides (in Field 40E) that its terms are governed by and subject to UCP 600.

7. Subject to compliance with its terms, the Letter of Credit required payment from

Mizuho on a schedule based upon the performance of the underlying contract of sale between CVD and TGI. The first two payments were (i) a 30% initial payment when CVD obtained a standby letter of credit from its bank, Capital One, and (ii) a 30% payment upon shipping after testing the goods at CVD's facility and acceptance for shipping by TGI. Exh. A (Field 45B). The remaining 40% was to be paid based upon milestones that I understand were not attained before this litigation commenced.

8.  In order to receive payment of the second 30% installment, the Letter of Credit further required CVD to present to Mizuho certain documents meeting certain specifications. Exh. A (Field 46A). Non-conforming documents were subject to refusal by Mizuho and could become a basis for non-payment. Exh. A (Field 47A).

9.  The Letter of Credit also imposed a specific deadline whereby CVD must present the conforming documents to Mizuho within twenty (20) days after the date the goods were shipped. Exh. A (Field 48).

10. On or about October 16, 2008, Mizuho paid CVD under the Letter of Credit for the first installment of 30%, in the amount of US $3,563,940. Such payment is not in dispute.

11. Annexed hereto as Exhibit C is a true and correct copy of a December 7, 2009 letter from Capital One to Mizuho wherein Capital One (on behalf of CVD) forwarded its enclosed documents to Mizuho seeking payment from Mizuho of the second 30% installment under the Letter of Credit. Mizuho received such letter and its enclosed documents on December 10, 2009 in the ordinary course of business, as indicated by the date stamp on the letter, and has since maintained a copy of such letter and enclosures in its business records.

12. Annexed hereto as Exhibit D is a true and correct copy of a December 17, 2009

SWIFT transmission from Mizuho to Capital One wherein Mizuho rejected the documents tendered in Exhibit C based upon discrepancies and denied payment on such basis. Mizuho issued such SWIFT transmission in the ordinary course of business and has since maintained a copy of it in its business records.

13. Annexed hereto as Exhibit E is a true and correct copy of a December 18, 2009 SWIFT transmission from Capital One (on behalf of CVD) to Mizuho wherein Capital One objected to Mizuho's rejection of the presented documents and refusal to pay for the reasons stated. Mizuho received and reviewed such SWIFT transmission on December 21, 2009 in the ordinary course of business and has since maintained it in its business records.

14. Annexed hereto as Exhibit F is a true and correct copy of parts 1 and 2 of a December 22, 2009 SWIFT transmission from Mizuho to Capital One wherein Mizuho responded to Exhibit E. Mizuho issued such SWIFT transmission in the ordinary course of business and has since maintained a copy of it in its business records.

15. Annexed hereto as Exhibit G is a true and correct copy of a December 24, 2009 SWIFT transmission from Capital One (on behalf of CVD) to Mizuho wherein Capital One responded to Exhibit F. Mizuho received and reviewed such SWIFT transmission on December 25, 2009 in the ordinary course of business and has since maintained a copy of it in its business records.

16. Annexed hereto as Exhibit H is a true and correct copy of a December 21, 2009 letter from Capital One to Mizuho wherein Capital One (on behalf of CVD) forwarded its enclosed documents to Mizuho, again seeking payment from Mizuho of the second 30% installment under the Letter of Credit. Mizuho received such letter and its enclosed documents on December 24, 2009 in the ordinary course of business, as indicated by the date stamp on the

letter, and has since maintained such letter and documents in its business records.

17. Annexed hereto as Exhibit I is a true and correct copy of a December 24, 2009 letter from Capital One to Mizuho wherein Capital One (on behalf of CVD) forwarded its enclosed documents to Mizuho, again seeking payment from Mizuho of the second 30% installment under the Letter of Credit. Mizuho received such letter and its enclosed documents on December 28, 2009 in the ordinary course of business, as indicated by the date stamp on the letter, and has since maintained a copy of such letter and documents in its business records.

18. Annexed hereto as Exhibit J is a true and correct copy of a December 29, 2009 SWIFT transmission from Mizuho to Capital One wherein Mizuho responded to Exhibit I. Mizuho issued such SWIFT transmission in the ordinary course of business and has since maintained a copy of it in its business records.

19. Annexed hereto as Exhibit K is a true and correct copy of a December 31, 2009 SWIFT transmission from Capital One (on behalf of CVD) to Mizuho wherein Capital One responded to Exhibit J. Mizuho received and reviewed such SWIFT transmission on January 4, 2010 in the ordinary course of business and has since maintained it in its business records.

20. Annexed hereto as Exhibit L is a true and correct copy of a January 5, 2010 SWIFT transmission from Mizuho to Capital One wherein Mizuho responded to Exhibit K. Mizuho issued such SWIFT transmission in the ordinary course of business and has since maintained a copy of it in its business records.

21. Following the foregoing communications, Mizuho and Capital One reached an impasse regarding whether Mizuho had validly rejected the documents presented by Capital One on behalf of CVD and whether Mizuho was obligated to make the second 30% installment payment under the Letter of Credit.

22. Annexed hereto as Exhibit M are true and correct copies of excerpts from the publication, <u>Commentary on UCP 600, Article by Article Analysis by the UCP 600 Draft Group</u>, which was published by the ICC in 2007. The excerpts contain the text of the certain Articles of UCP 600 and commentary thereon referenced in Mizuho's memorandum of law in support of its motion for summary judgment.

23. Annexed hereto as Exhibit N is a true and correct copy of an excerpt from the publication, <u>Opinions of the ICC Banking Commission 1998-1999, Queries and Responses on UCP 500, UCP 400 and URC 522</u>, which was published by the ICC in 2000. The excerpt contains a commission opinion referenced in Mizuho's memorandum of law in support of its motion for summary judgment.

24. In Taiwan, Saturday and Sunday, December 12 and 13, 2009 were not days that banks were regularly open to perform transactions required in connection with letters of credit (e.g., trade credit personnel did not regularly work weekends to review presented documentation or administer drawdowns).

I declare under penalty of perjury under the laws of R.O.C. that the foregoing is true and correct.

Executed on July 26, 2010

_____
Ruby Huang

6