UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CVD EQUIPMENT CORPORATION,

       Plaintiff,      10 Civ. 0573 (RJH) (RLE)

 -against-          ECF CASE

TAIWAN GLASS INDUSTRIAL CORPORATION, and
MIZUHO CORPORATE BANK, LTD.,

       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STATEMENT OF MATERIAL UNDISPUTED FACTS IN SUPPORT OF
DEFENDANT MIZUHO CORPORATE BANK, LTD.'S
MOTION FOR SUMMARY JUDGMENT**

    Pursuant to Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, Defendant Mizuho Corporate Bank, Ltd. ("Mizuho") submits this Statement of Material Undisputed Facts in support of its motion for summary judgment.

**The Letter of Credit**

    1.  On or about September 15, 2008, Mizuho (as Issuing Bank) issued a letter of credit to Taiwan Glass Industrial Corporation ("TGI") in the amount of US $11,880,000 (the "Letter of Credit").  Declaration of Ruby Huang, dated July 26, 2010 ("Huang Decl.") ¶ 3 & Exh. A[1] (Field 32B).

    2.  Mizuho issued the Letter of Credit to facilitate an international sale of goods transaction between CVD Equipment Corporation ("CVD") (as Seller or Beneficiary) and TGI (as buyer or Applicant or Account Party).  Capital One, N.A. ("Capital One") served as CVD's Advising Bank for the Letter of Credit.  Id. ¶ 3.

---

[1] Each citation herein to "Exh." refers to an exhibit annexed to the Huang Declaration.

3. On or about October 3, 2008, the Letter of Credit was amended to reflect, among other things, a final date of November 30, 2009 for the shipment of CVD's goods to TGI. Exh. B (Field 44C).

4. The Letter of Credit explicitly provides that the "Applicable Rules" governing it are the "UCP Latest Version." Huang Decl. ¶ 6 & Exh. A (Field 40E).

5. "UCP" as used in the Letter of Credit refers to the Uniform Customs and Practices for Documentary Credits published by the International Chamber of Commerce ("ICC"). The most recent version of such rules is entitled the Uniform Customs and Practice for Documentary Credits, 2007 Revision, ICC Publication No. 600 ("UCP 600"). Id. ¶ 6.

6. Subject to compliance with its terms, the Letter of Credit required payment from Mizuho on a schedule based upon the performance of the underlying contract of sale between CVD and TGI. Id. ¶ 7.

7. The first two payments to be made under the Letter of Credit were (i) a 30% initial payment when CVD obtained a standby letter of credit from its bank, Capital One, and (ii) a 30% payment upon shipping after testing the goods at CVD's facility and acceptance for shipping by TGI. Exh. A (Field 45B).

8. The remaining 40% of the payments to be made under the Letter of Credit was to be paid based upon milestones that indisputably were not attained before this litigation commenced. Huang Decl. ¶ 7.

9. In order for CVD to receive payment of the second 30% installment, the Letter of Credit further required CVD to present to Mizuho certain documents meeting certain specifications. Id. ¶ 8 & Exh. A (Field 46A).

10. Non-conforming documents presented by CVD were subject to refusal by Mizuho

2

and could become a basis for non-payment of the second 30% installment.  <u>Id</u>. ¶ 8 & Exh. A (Field 47A).

11.     The Letter of Credit also imposed a specific deadline whereby, in order for CVD to receive payment of the second 30% installment, CVD must present the conforming documents to Mizuho within twenty (20) days after the date the goods were shipped.  <u>Id</u>. ¶ 9 & Exh. A (Field 48).

**CVD's Initial Presentation of Documents**
**Failed to Comply with the Letter of Credit**

12.     On October 16, 2008, Mizuho paid CVD under the Letter of Credit the first installment of 30%, in the amount of US $3,563,940.  Such payment is not in dispute.  <u>Id</u>. ¶ 10.

13.     On December 7, 2009, Capital One (on behalf of CVD) forwarded documents to Mizuho, subject to the UCP, seeking payment from Mizuho of the second 30% installment under the Letter of Credit.  <u>Id</u>. ¶ 11 & Exh. C.

14.     Mizuho received the December 7, 2009 letter and presented documents on December 10, 2009.  <u>Id</u>. ¶ 11.

15.     On December 17, 2009, Mizuho rejected the presentation of documents based upon several discrepancies from the document requirements in the Letter of Credit, and denied payment to CVD on such basis.  <u>Id</u>. ¶ 12 & Exh. D.  Among the discrepancies raised:

   i.     *First*, Mizuho objected that the bill of lading presented lacked an "on-board" notation (Exh. D (Field 77J, point 1)), which was expressly required by the Letter of Credit.  <u>Compare</u> Exh. A (Field 46A, point 3) <u>with</u> Exh. C at C-6.

   ii.    The bill of lading did not otherwise state that the goods were shipped on board the vessel.  Exh. C at C-6.

   iii.   *Second*, Mizuho objected that the certificate of insurance presented was a

3

*copy* (rather than the *original*).  Exh. D (Field 77J, point 2).

      iv.      Whereas the Letter of Credit required an original of the insurance policy or certificate, the certificate presented was stamped "Copy" on its face.  Compare Exh. M at M-10 (UCP 600, Art. 17(a) (requiring at least one original of each stipulated document)) with Exh. C at C-7.

      v.      *Third*, Mizuho objected that the certificate of insurance stated an amount of insurance not in compliance with the terms of the Letter of Credit, leaving the shipment under-insured.  Exh. D (Field 77J, point 3).

      vi.      The Letter of Credit required insurance for the full C.I.F. value of the shipment, plus 10%, and according to the invoice itself, the total value was $11,880,000.  Exh. A (Field 46A, point 5); Exh. C at C-3.

      vii.      However, the amount of insurance procured by CVD was only $7,864,450, which was far short of the full C.I.F. value of the shipment.  Exh. C at C-7 (box entitled "Sum Insured").

16.      On December 18, 2009, Capital One (on behalf of CVD) responded to Mizuho's rejection, claiming that Mizuho wrongfully denied payment on the Letter of Credit based upon various grounds.  Huang Decl. ¶ 13 & Exh. E.

      i.      Capital One asserted that the bill of lading was valid because it "indicated that the merchandise was received by the carrier and was signed on behalf of the carrier" and in any event, under the UCP "the date of issuance of the bill of lading will be deemed to be the date of shipment unless the bill of lading contains an on board notation." Exh. E (Field 79).

      ii.      Capital One asserted that, according to its records, the insurance document presented to Mizuho was in fact an original.  Id.

      iii.      Capital One asserted that the insurance coverage was adequate and consistent with the Letter of Credit.  Id.

      iv.      Capital One also contended Mizuho's rejection was untimely because Mizuho received the tendered documents on December 10, 2009, and thus Mizuho's rejection should have been received by Capital One by December 16 at the latest, rather than on December 17 (citing UCP 600, Art. 16D, F).  Id.

17.      On December 22, 2009, Mizuho again denied the request for payment, largely reiterating its earlier points, explaining why Capital One's reading of the UCP was incorrect with respect to the bill of lading, and explaining that the date of its refusal <u>was</u> timely because it occurred before the close of the fifth banking day following the date of presentation, in accordance with UCP 600, Art. 16(d).  Huang Decl. ¶ 14 & Exh. F (Field 79, points 1, 2, 3 and 5).

18.      In Taiwan, Saturday and Sunday, December 12 and 13, 2009 were not days that banks were regularly open to perform transactions required in connection with letters of credit (e.g., trade credit personnel did not regularly work weekends to review presented documentation or administer drawdowns).  Huang Decl. ¶ 24.

**CVD's Subsequent Presentation Was Untimely and Still Failed to Comply**

19.      The Letter of Credit required that the presentation of documents by CVD must occur "within 20 days after the date of shipment."  Exh. A (Field 48).

20.      Because the last possible date upon which the goods could have been shipped was November 30, 2009, CVD had, at most, 20 days from that date – or until December 20, 2009 – to make a presentation under the Letter of Credit to obtain the second installment payment.  Exh. B (Field 44C).

21. On December 24, 2009, Mizuho received from Capital One the full set of documents that Capital One originally presented on behalf of CVD to Mizuho on December 10, 2009, but which Mizuho had returned to Capital One based upon the above-described non-conformities.  Huang Decl. ¶ 16 & Exh. H.

22. On December 24, 2009, Capital One (on behalf of CVD) also stated to Mizuho that, although it disagreed with Mizuho's position in their prior communications, Capital One (at CVD's request) was re-sending revised versions of the insurance certificate and bill of lading.  Huang Decl. ¶ 15 & Exh. G (Field 79).

23. Mizuho received the revised documents described in Paragraph 22 on December 28, 2009.  Huang Decl. ¶ 17 & Exh. I.

24. The revised documents received on December 28, 2009 included a new insurance certificate with the word "Original" stamped on the document and a new bill of lading bearing the words "CLEAN ON BOARD."  Exh. I at I-2, I-3 and I-5.

25. Because CVD sent the documents described in Paragraphs 21-23 to Mizuho after December 20, 2009, they were untimely under the Letter of Credit.  Exh. A (Field 48).

26. On December 29, 2009, Mizuho rejected the documents described in Paragraphs 21-23 due to their late presentation and the fact that the insurance certificate was dated after the shipment date.  Huang Decl. ¶ 18 & Exh. J (Field 77J), Exh. I at I-2.

27. On January 4, 2010, Mizuho received and reviewed a communication from Capital One, seeking to refute Mizuho's position.  Huang Decl. ¶ 19 & Exh. K.

   i. Capital One stated, "Late presentment does not apply" purportedly because the documents sent to Mizuho on December 24 and 28 "are not to be construed as additional presentation since they were intended to further support" CVD's previously-stated

6

position and because they (a) show the merchandise was "in fact" received on board and (b) the original insurance certificate tendered was merely a "substitute . . . in replacement of the original lost" by Mizuho.  Exh. K (Field 79).

      ii.      Capital One also stated that the insurance company had "confirm[ed] to [CVD]" that it considered the insurance coverage to have started from the date of shipment (November 27, 2009), not the date the certificate of insurance was printed (December 2, 2009).  Id.

      iii.      Capital One demanded immediate payment.  Id.

28.      On January 5, 2010, Mizuho responded to Capital One's December 31, 2009 message.  Huang Decl. ¶ 20 & Exh. L.

      i.      Mizuho stated that the revised documents must still be in compliance with at least the 21 day presentment period prescribed by the UCP, so the late presentation was invalid.  Exh. L (Field 79).

      ii.      Mizuho also stated that the original insurance certificate was not misplaced by Mizuho; Mizuho only received two copies in the first presentation that cannot be deemed as originals.  Id.

      iii.      Mizuho also stated that, according to the UCP, the date of the insurance document must be no later than the date of shipment, unless otherwise indicated, but because there was no evidence to this effect, Mizuho properly found this to be a discrepancy.  Id.

      iv.      Mizuho also stated that both the Letter of Credit and the UCP required the insured amount to be the "full CIF value (the gross value of the goods shown on the invoice) plus 10 percent" and thus "the discrepancy of under-insured is still valid."  Id.

29.     Following the foregoing communications, Mizuho and Capital One reached an impasse regarding whether Mizuho had validly rejected the documents presented by Capital One on behalf of CVD and whether Mizuho was obligated to make the second 30% installment payment under the Letter of Credit.  Huang Decl. ¶ 21.

Dated: New York, New York
       July 28, 2010

                                 WOLLMUTH MAHER & DEUTSCH LLP

                                 By: __/s/ Randall R. Rainer_____
                                          William A. Maher
                                          Vincent T. Chang
                                          Randall R. Rainer

                                 500 Fifth Avenue
                                 New York, New York 10110
                                 (212) 382-3300

                                 *Attorneys for Defendant Mizuho Corporate Bank, Ltd.*