

**ABV** Allegaert Berger & Vogel LLP

Writer's e-mail: callegaert@abv.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/13/10

9/20/10

August 2, 2010

MEMO ENDORSED

**BY HAND DELIVERY**

Honorable Richard J. Holwell
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

<u>CVD Equipment Corp. v. Taiwan Glass Indus. Corp., et al.,</u>
2010 Civ. 00573 (RJH) (RLE)

Dear Judge Holwell:

We represent defendant-counterclaimant Taiwan Glass Industrial Corporation ("Taiwan Glass"). We write in response to plaintiff CVD Equipment Corporation's ("CVD") letter dated July 27, 2010, seeking directions from the Court to resolve a dispute between CVD and Taiwan Glass regarding the draft confidentiality stipulation.

The outstanding issue in dispute relates to paragraph 16 of the draft confidentiality stipulation.[1] Paragraph 16 seeks to limit the types of persons allowed to review documents designated as "Confidential -- Attorneys' Eyes Only". The parties' dispute centers on the second sentence of paragraph 16: "Except as agreed in writing, such information [i.e., "attorneys' eyes only" documents] shall not be disclosed to the parties and shall not leave the United States". The dispute, as described below, is whether "attorneys' eyes only" documents should be available to Taiwan Glass's attorneys outside the United States.

Taiwan Glass's position is that "attorneys' eyes only" documents should be allowed to leave the United States for the limited and specific purpose of allowing its Taiwan counsel to review such documents for purposes of this litigation. Taiwan Glass's Taiwan

---

[1] A copy of the revised confidentiality stipulation is enclosed herein. The revisions reflect changes made by us and by counsel for defendant Mizuho Corporate Bank, Ltd.

MICROFILMED SEP 14 2010

 Allegaert Berger & Vogel LLP

Hon. Richard J. Holwell
August 2, 2010
Page 2

counsel, Tsar & Tsai Law Firm ("Tsar & Tsai"), has been fully involved in this matter from the outset. Due to Tsar & Tsai's attorney-client relationship with Taiwan Glass and knowledge of its business, not to mention the need to communicate with Taiwan Glass in Chinese, Tsar & Tsai's ability to be fully involved in this litigation is essential to the fair and adequate representation of Taiwan Glass in this Court. Moreover, in order to minimize the scope of disclosure outside the United States, we are willing to stipulate that disclosures will be limited to a single attorney, Jeanne Wang, Esq., within Tsar & Tsai. This limited disclosure is, we submit, narrowly tailored to protect simultaneously Taiwan Glass's interest in fully-informed legal advice and representation from its counsel of choice and whatever legitimate concerns CVD may have in confidentiality.

CVD argues that information relating to its "cutting edge technology" should not be disclosed to "parties over whom this Court has no direct control".[2] According to CVD, Tsar & Tsai attorneys are "not subject to sanction by this Court", and CVD is concerned that "there would be no practical recourse if sensitive documents were disclosed to Taiwan Glass or others in Taiwan".

We respectfully submit that CVD's concerns can be addressed by simply having Ms. Wang execute the confidentiality stipulation as an individual. By executing the confidentiality stipulation as an individual, Ms. Wang would be personally bound by the stipulation and subject to this Court's enforcement of the stipulation. In this regard, Ms. Wang would be no different from an expert witness (who may not necessarily be located in the United States) who becomes personally bound by the confidentiality stipulation (and subject to this Court's jurisdiction) by executing the stipulation.[3] Cf. Application of American Tobacco Co., 880 F.2d 1520, 1530 (2d Cir. 1989) (upholding protective order that provided "any person seeking access to the subpoenaed materials must first execute the Acknowledgment attached to the protective order, which subjects that person to the terms and conditions of the court's order. Presumably the court would impose suitable sanctions against any person who, in violation of these provisions, did attempt to identify a subject of the study.")

Moreover, Tsar & Tsai is a prominent law firm in Taiwan, whose attorneys (including Ms. Wang) are frequently involved in U.S. litigation and therefore fully understand the obligations implied by a Court Order relating to "attorneys' eyes only" documents. Indeed, Ms. Wang has substantial knowledge of American law, having earned LL.M. and S.J.D. degrees

---

[2] Ironically, Taiwan Glass contends in this case that CVD breached the parties' agreement by, among other things, failing to develop the "cutting edge technology" it promised to develop and by failing to deliver goods containing such technology.

[3] Paragraph 5 of the confidentiality stipulation already requires experts or consultants to execute the stipulation. Paragraph 16 allows experts or consultants to review "attorneys' eyes only" documents.



Hon. Richard J. Holwell
August 2, 2010
Page 3

from the University of Pennsylvania Law School and being a member (albeit inactive) of the Bar of the State of New York.

Furthermore, applicable Taiwan law governing attorney conduct in Taiwan provides substantial sanctions against Taiwanese attorneys (Ms. Wang is admitted to practice law in Taiwan) who make improper disclosures of information. For example, Article 317 of the Taiwanese Criminal Code provides that "an attorney will be subject to imprisonment for up to a year, detention or NT$3,000 of criminal fines if he/she, without legitimate reasons, discloses business secrets which he/she received or possessed during the course of business and has the obligation to keep in confidence pursuant to laws or contract".

For the foregoing reasons, we respectfully request that the Court direct that Ms. Wang be allowed to review "attorneys' eyes only" documents, provided that she execute the confidentiality stipulation as an individual. We further respectfully request that the Court order that the confidentiality stipulation be amended accordingly.

Respectfully yours,

Christopher Allegaert

Enclosure

cc:   Douglas J. Good, Esq. (by email only)
      Joseph R. Harbeson, Esq. (by email only)
      William Maher, Esq. (by email only)
      Vincent T. Chang, Esq. (by email only)
      Randall Rainer, Esq. (by email only)

> The Court concludes that defendants proposed procedure is reasonable and necessary to the defense of the action. The parties are directed to submit a stipulation of confidentiality consistent with the Court's ruling.
>
> USDJ 8/30/10 SO ORDERED