UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- x
CVD EQUIPMENT CORPORATION,

                     Plaintiff,                    10 Civ. 0573 (RJH) (RLE)

  -against-                                    ECF CASE

TAIWAN GLASS INDUSTRIAL CORPORATION, and
MIZUHO CORPORATE BANK, LTD.,

                     Defendants.
------------------------------- x

**MIZUHO CORPORATE BANK, LTD.'S SUPPLEMENTAL STATEMENT OF MATERIAL UNDISPUTED FACTS SUPPORTING ITS MOTION FOR SUMMARY JUDGMENT, REPLY TO CVD EQUIPMENT CORPORATION'S RESPONSE TO MIZUHO'S INITIAL STATEMENT OF MATERIAL UNDISPUTED FACTS, AND COUNTER-STATEMENT OF MATERIAL UNDISPUTED FACTS IN <u>OPPOSITION TO CVD'S CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

Pursuant to Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, Mizuho Corporate Bank, Ltd. ("Mizuho") submits this Supplemental Statement of Material Undisputed Facts, Reply to Plaintiff CVD Equipment Corporation ("CVD")'s Response to Mizuho's Initial Statement of Material Undisputed Facts, and Counter-Statement of Material Undisputed Facts in Opposition to CVD's Cross-Motion for Summary Judgment dated August 31, 2010.

**SUPPLEMENTAL STATEMENT OF MATERIAL UNDISPUTED FACTS
SUPPORTING MIZUHO'S MOTION FOR SUMMARY JUDGMENT**

Based upon documents that were first produced on or about September 15, 2010 by non-party EMO-Trans, Inc. ("EMO") in response to a subpoena <u>duces</u> <u>tecum</u> served upon EMO by co-defendant Taiwan Glass Industrial Corporation, Mizuho just became aware of the following

material undisputed facts that Mizuho is now raising with the Court at the first available opportunity.

        1.      On November 4, 2009 at 9:44 a.m., Karen Hamberg, CVD's Office Manager, sent an email to Ajay Donde of EMO stating that CVD had a "**very critical** shipment going to **Taichung**, Taiwan by sea (i.e., the goods at issue in this action)" that "must leave our door by Monday, November 30." Hamburg further stated, "The most crucial part is that the marine bill of lading must be dated **no later than November 30**, not when the ship sails." Declaration of Vincent T. Chang, dated September 30, 2010 ("Chang Reply Decl."), Exh. ___ (TG 04638) (bold and underline in original).

        2.      On November 4, 2009 at 3:33 p.m., Karen Hamberg sent an email to Anna Guzman of EMO stating, "Would you be able to provide a BOL – as soon as I give you the requirements from the LC – with all the information you have given me (in essence, a fake BOL)? It would not be the one we will use but will have all the information that the bank wants, and we can make sure it will be acceptable. This is a very high value shipment." Chang Reply Decl. Exh. A (TG 04635).

        3.      On Wednesday, November 25, 2009, Karen Hamberg emailed Anna Guzman stating that the goods were being loaded by CVD into containers for shipment and that Hamburg expected that the loading process would be finished by "late" that evening or on Friday, November 27, 2009. Hamburg further stated that CVD "[did]n't want to wait until Monday to have them picked up" by EMO. Chang Reply Decl. Exh. B (TG 03910-11). Hamberg then asked EMO: "Will I get an Ocean BOL from the Shipping Line after it is loaded? I need that for the LC papers." Id. (TG 03911)

4.      On Wednesday, November 25, 2009 at 3:02 p.m., the afternoon before Thanksgiving, Anna Guzman emailed Karen Hamberg advising her that EMO's trucks could not pick up the goods at CVD's premises any earlier than Monday, November 30, 2009.  Chang Reply Decl. Exh. B (TG 03909-10).

5.      On Monday, November 30, 2009 at 11:11 a.m., Karen Hamburg of CVD emailed Anna Guzman of EMO and instructed EMO to "change[]" the date on the bill of lading for the bank from November 30, 2009 to November 27, 2009.  Chang Reply Decl. Exhs. C (TG 03929) and D (TG 03939).  That afternoon at 2:33 p.m., upon reviewing EMO's resulting draft of the bill of lading, Hamburg reiterated CVD's request to EMO to "change the date on page 1 to **Nov 27**").  Id. Exh. C (TG 03926) (bold in original).

6.      On December 2, 2009 at 4:04 p.m., Karen Hamberg emailed Anna Guzman acknowledging receipt of the original bill of ladings from EMO and asking whether "the information that we have provided for this BOL [will] be the same on the Ocean BOL?" Chang Reply Decl. Exh. E (TG 04039).  Ms. Hamberg then recited the requirements of the Mizuho Letter of Credit and stated as follows:  "I guess the ship sails tomorrow."  Id.

7.      CVD's December 10, 2009 presentation was invalid because the ocean bill of lading presented contained false representations as to the date that the shipment in question was "on board" the shipping vessel.  See Chang Reply Decl. Exhs. A-E.

**REPLY TO CVD'S RESPONSE TO MIZUHO'S INITIAL
STATEMENT OF MATERIAL UNDISPUTED FACTS**

1.      Plaintiff CVD admits the statements contained in Paragraph 1 of the Statement of Material and Undisputed Facts in Support of Mizuho's Motion for Summary Judgment, dated July 28, 2010 ("Mizuho's Rule 56.1 Statement") and thus no reply is necessary.

3

2. CVD admits the statements contained in Paragraph 2 of Mizuho's Rule 56.1 Statement and thus no reply is necessary.

3. CVD admits the statement contained in Paragraph 3 of Mizuho's Rule 56.1 Statement and thus no reply is necessary.

4. CVD admits the statement contained in Paragraph 4 of Mizuho's Rule 56.1 Statement and thus no reply is necessary.

5. CVD admits the statements contained in Paragraph 5 of Mizuho's Rule 56.1 Statement and thus no reply is necessary.

6. CVD admits the statement contained in Paragraph 6 of Mizuho's Rule 56.1 Statement and thus no reply is necessary.

7. CVD admits the portion of the statement contained in Paragraph 7 of Mizuho's Rule 56.1 Statement that the Letter of Credit at Field 45B refers to a schedule of payments and thus no reply is necessary. In reply to CVD's opposition to the remainder of Paragraph 7 regarding the conditions "required for drawing on the L/C," Mizuho refers CVD to the Huang Decl. Exh. A, Field 45A. CVD's contention as to the relevance of Mizuho's allegations purports to state a conclusion of law as to which no reply is necessary.

8. CVD admits the statement contained in Paragraph 8 of Mizuho's Rule 56.1 Statement and thus no reply is necessary.

9. CVD admits the portion of the statement set forth in Paragraph 9 of Mizuho's Rule 56.1 Statement that the Letter of Credit required Plaintiff to present certain documents to receive the second 30% installment, and thus no reply is necessary. In reply to CVD's opposition to the remainder of Paragraph 9 on the ground that it "contains issues of law and characterizations," CVD purports to state conclusions of law as to which no reply is necessary,

particularly since CVD's opposition states no basis for its objection to Mizuho's use of the word "further" and the requirement of a presentation of documents "to Mizuho." In addition, Mizuho respectfully refers the court to Huang Declaration Exh. A, Field 46A and Articles 14(a) and 14(b) of UCP 600[1], which provide that the issuing bank is entitled to review the presentation.

10.     CVD admits the portion of the statement contained in Paragraph 10 of Mizuho's Rule 56.1 Statement that non-conforming documents presented by CVD were subject to refusal by Mizuho, and thus no reply is necessary. In reply to CVD's statement that Mizuho was obligated to issue its refusal within five banking days of CVD's presentation, Mizuho states that Article 16(d) of UCP 600 provides that notices of dishonor must generally be given "no later than the close of the fifth banking day following the day of presentation" and that Article 14(b) of UCP 600 provides that the issuing bank is entitled to review the presentation within such five banking day period to determine if it is complying. As such, Mizuho denies that it was obligated to provide a notice of dishonor within five banking days of Capital One Bank's ("Capital One") receipt of CVD's presentation documents on December 10, 2009. UCP 600, Art. 14(b) and 16(d).

11.     In reply to CVD's opposition to the statement contained in Paragraph 11 of Mizuho's Rule 56.1 Statement, Mizuho states that CVD's opposition purports to state a conclusion of law as to which no reply is necessary. In addition, Mizuho respectfully refers the Court to its reply set forth in Paragraph 9 above.

12.     CVD admits the statement contained in Paragraph 12 of Mizuho's Rule 56.1 Statement and thus no reply is necessary.

13.     CVD admits the portion of the statement in Paragraph 13 of Mizuho's Rule 56.1 Statement that Capital One forwarded documents to Mizuho seeking payment of the second 30%

---

[1] Uniform Customs and Practice for Documentary Credits, 2007 Revision, ICC Publication No. 600.

installment and thus no reply is necessary. In response to CVD's contention that Capital One did not forward documents "'on behalf of CVD,' since it acted as a nominated bank," Mizuho states that CVD cites no admissible evidence in support of its contention. See L. Civ. R. 56.1. Moreover, the evidence demonstrates that Capital One was CVD's agent (see Kurian Aff. (8/30/10) ¶ 2), and Capital One's letters made clear that it was acting on "instructions from the beneficiary [CVD]." See Huang Aff. Exh. I (12/24/09 letter).

14. CVD admits the statement set forth in Paragraph 14 of Mizuho's Rule 56.1 Statement and thus no response is necessary. In response to CVD's statement that it "disputes any assertion by Mizuho . . . that states or implies that CVD was obligated to, or did in fact make its presentation (of documents) to Mizuho and states affirmatively that CVD made its presentation to Capital One, a nominated bank under the L/C," Mizuho respectfully refers the Court to its reply to Paragraphs 9, 11 and 13 above.

15. CVD admits the statement set forth in Paragraph 15 of Mizuho's Rule 56.1 Statement and thus no response is necessary.

    i. CVD admits the portion of the statement contained in Paragraph 15(i) of Mizuho's Rule 56.1 Statement that one discrepancy was "the bills of lading did not include the notation 'on board'" and thus no response is necessary. In reply to CVD's statement that the words "on board" are unnecessary under UCP 600, Mizuho states that this contention presents legal issues as to which no response is necessary. In addition, even if the precise words "on board" are not necessary, CVD has the burden of coming forward with a bill of lading that indicates the goods were actually "shipped on board." Huang Decl. Exh. A (Field 46A); UCP Article 20(a)(ii); Huang Decl. Exh. M at M-12. The bill of lading that Capital One submitted on behalf of CVD had no such notation.

    ii.  CVD's response to Paragraph 15(ii) of Mizuho's Rule 56.1 Statement presents legal issues as to which no response is necessary.  In addition, Mizuho states that the bill of lading, marked as Huang Decl. Exh. C at C-6, speaks for itself.

    iii.  CVD's response to Paragraph 15(iii) of Mizuho's Rule 56.1 Statement presents legal issues as to which no response is necessary.  In addition, Article 17(a) of UCP 600 requires that "[a]t least one original of each document stipulated in the credit must be presented."  Huang Decl. Exh. M at M-10.  The use of the words "in duplicate" in letter of credit Field 46(A)(5) does not alter this requirement.  Article 17(e) of UCP 600 states that the term "in duplicate" "will be satisfied by the presentation of at least one original and the remaining number in copies, except when the document itself indicates otherwise."  Id.  CVD presented no original document complying with these requirements.  See Huang Decl. Exh. C at C-7; Exh. D (Field 77J(2)).

    iv.  CVD's response to Paragraph 15(iv) of Mizuho's Rule 56.1 Statement presents legal issues as to which no response is necessary.  With respect to the issue of whether an original was required, Mizuho incorporates by reference its reply to CVD's Response to Paragraph 15(iii) of Mizuho's Rule 56.1 Statement set forth in Paragraph 15(iii) above.  Further, Mizuho states that that it did not receive the original insurance certificate in CVD's presentation, as required under the Letter of Credit.  See Huang Decl. Exh. C at C-7; Exh. D (Field 77J(2)).  Capital One's affidavit does not state that Capital One presented an original insurance certificate to Mizuho in the initial presentation received by Mizuho on December 10, 2009.  See Hamberg Aff. ¶ 2.  Instead, Capital One presented an original insurance certificate in an untimely fashion in a presentation sent on December 21, 2009.  Huang Decl. Exh. H.  Capital One made no determination that CVD was entitled to payment.  In fact, Capital One's letter dated December 7,

2009 explicitly requested that Mizuho "kindly confirm the payment/maturity date," indicating that it had not even checked those dates. Huang Decl. Exh. C at C-1. Capital One certified no more than the timeliness of the documents, stating that they were "presented within the validity of the credit," i.e., before the expiration of the credit, and that they were "within the prescribed presentation period." Id.

   v.  CVD admits the statement set forth in Paragraph 15(v) of Mizuho's Rule 56.1 Statement and thus no response is necessary.

   vi.  CVD admits the portion of the statement in Paragraph 15(vi) of Mizuho's Rule 56.1 Statement that states the Letter of Credit required that the shipment be insured for its full C.I.F. value (plus 10%), and that according to the invoice itself, the total value of the entire project was $11,880,000, and thus no response is necessary. In response to CVD's dispute with the value of the shipment being $11,880,000, Mizuho states that CVD has submitted no admissible evidence to support any value other than the one stated on the face of the invoice and that in any event Mizuho had no obligation to consider any value other than the one set out on the face of the invoice. Pursuant to UCP 600 Section 28(f)(ii), when the C.I.F. value cannot be determined from the documents, it must be calculated based on the gross value of the goods as shown on the invoice. See Huang Decl. Exh. M at M-19; Chang Reply Decl. Exh. H at H-4 (¶ 178).

   vii.  CVD admits the portion of the statement contained in Paragraph 15(vii) of Mizuho's Rule 56.1 Statement that states the amount of insurance procured by CVD was $7,864,450 and thus no response is necessary. In response to CVD's dispute with the value of $7,864,450 being less than the required C.I.F. value of the shipment, plus 10%, Mizuho

8

incorporates by reference its reply to CVD's Response to Paragraph 15(vi) of Mizuho's Rule 56.1 Statement set forth in Paragraph 15(vi) above.

16. CVD admits the statement contained in Paragraph 16 of Mizuho's Rule 56.1 Statement and thus no reply is necessary.

    i. CVD admits the statement contained in Paragraph 16(i) of Mizuho's Rule 56.1 Statement and thus no reply is necessary.

    ii. CVD admits the statement contained in Paragraph 16(ii) of Mizuho's Rule 56.1 Statement and thus no reply is necessary.

    iii. CVD admits the statement contained in Paragraph 16(iii) of Mizuho's Rule 56.1 Statement and thus no reply is necessary.

    iv. CVD admits the statement contained in Paragraph 16(iv) of Mizuho's Rule 56.1 Statement and thus no reply is necessary.

17. CVD admits the statement contained in Paragraph 17 of Mizuho's Rule 56.1 Statement and thus no reply is necessary.

18. CVD admits the statement contained in Paragraph 18 of Mizuho's Rule 56.1 Statement and thus no reply is necessary.

19. CVD admits the statement contained in Paragraph 19 of Mizuho's Rule 56.1 Statement and thus no reply is necessary.

20. CVD admits the statement contained in Paragraph 20 of Mizuho's Rule 56.1 Statement and thus no reply is necessary.

21. CVD admits the portion of the statement contained in Paragraph 18 of Mizuho's Rule 56.1 Statement regarding the fact that on December 24, 2009, Mizuho received from Capital One the full set of documents that Capital One originally delivered to Mizuho on

December 10, 2009 and thus no reply is necessary.  In response to CVD's dispute with Mizuho's contention that Capital One was acting "on behalf of" CVD and that Capital One presented documents to Mizuho, Mizuho incorporates by reference its reply to CVD's Response to Paragraphs 13 and 14 of Mizuho's Rule 56.1 Statement set forth in Paragraphs 13 and 14 above, and Mizuho further states that Article 2 of UCP 600 defines "presentation" to include "the delivery of documents under a letter of credit to the issuing bank," which is what CVD admits Capital One did.

22. CVD admits the portion of the statement contained in Paragraph 22 of Mizuho's Rule 56.1 Statement stating that Capital One re-sent revised versions of the insurance certificate and bill of lading on December 24, 2009 and thus no reply is necessary.  In response to CVD's dispute with Mizuho's contention that Capital One's sending of additional documents was "on behalf" of CVD, Mizuho incorporates by reference its reply to CVD's response to Paragraphs 13 and 14 of Mizuho's Rule 56.1 Statement set forth in Paragraphs 13 and 14 above.

23. CVD admits the statement contained in Paragraph 23 of Mizuho's Rule 56.1 Statement and thus no reply is necessary.

24. In response to CVD's dispute with Mizuho's contention in Paragraph 24 of Mizuho's Rule 56.1 Statement and CVD's statements that "the additional insurance certificate was a 'new' original certificate," and that the "certificate sent on December 24, 2009 was only a replacement for or duplicate of the prior original certificate CVD presented to Capital One on December 7, 2009," Mizuho states that CVD fails to provide any admissible evidence in support of that contention.  Mizuho also incorporates by reference its reply to CVD's Response to Paragraph 15(iv) of Mizuho's Rule 56.1 Statement set forth in Paragraph 15(iv) above.

25. CVD's response to Paragraph 25 of Mizuho's Rule 56.1 Statement presents legal issues as to which no response is necessary.

26. CVD admits the statement contained in Paragraph 26 of Mizuho's Rule 56.1 Statement regarding Mizuho's rejection of the referenced documents on December 29, 2009 and thus no reply is necessary. CVD's response to Paragraph 26 of Mizuho's Rule 56.1 Statement also presents legal issues as to which no response is necessary. In response to CVD's statement that "the date of the certificate was irrelevant as such an objection was untimely," Mizuho states that it raised this point on December 29, 2009 (Huang Decl. Exh. J), within five days of receiving CVD's "revised" presentations on December 24 and 28. Huang Decl. Exhs. H, I. Moreover, the December 17, 2009 notice of refusal presented Mizuho's objection that the shipment was "underinsured," which encompasses Mizuho's claim that the extent of insurance coverage was non-existent on November 30, 2009, meaning that the shipment was "underinsured" on that date.

27. CVD admits the statement contained in Paragraph 27 of Mizuho's Rule 56.1 Statement and thus no reply is necessary. CVD's purported dispute regarding the "legal conclusions and characterizations" set out in this paragraph itself states a legal conclusion and is not supported by admissible evidence and thus no response is necessary.

    i. CVD admits the statement contained in Paragraph 27(i) of Mizuho's Rule 56.1 Statement and thus no reply is necessary.

    ii. CVD admits the statement contained in Paragraph 27(ii) of Mizuho's Rule 56.1 Statement and thus no reply is necessary.

    iii. CVD admits the statement contained in Paragraph 27(iii) of Mizuho's Rule 56.1 Statement and thus no reply is necessary.

28. CVD admits the statement contained in Paragraph 28 of Mizuho's Rule 56.1 Statement and thus no reply is necessary. CVD's purported dispute regarding the "legal conclusions and characterizations" set out in this paragraph itself states a legal conclusion and is not supported by admissible evidence and thus no response is necessary.

    i. CVD admits the statement contained in Paragraph 28(i) of Mizuho's Rule 56.1 Statement and thus no reply is necessary.

    ii. CVD admits the statement contained in Paragraph 28(ii) of Mizuho's Rule 56.1 Statement and thus no reply is necessary.

    iii. CVD admits the statement contained in Paragraph 28(iii) of Mizuho's Rule 56.1 Statement and thus no reply is necessary. In response to CVD's statement that "the date of the insurance certificate is not relevant," Mizuho incorporates by reference its Reply to CVD's response to Paragraph 26 of Mizuho's Rule 56.1 Statement set forth in Paragraph 26 above.

    iv. CVD admits the statement contained in Paragraph 28(iv) of Mizuho's Rule 56.1 Statement and thus no reply is necessary.

29. CVD admits the statement contained in Paragraph 29 of Mizuho's Rule 56.1 Statement and thus no reply is necessary.

**MIZUHO'S COUNTER-STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO CVD'S CROSS-MOTION FOR SUMMARY JUDGMENT**

In response to CVD's Counter-Statement of Undisputed Material Facts, Mizuho states as follows:

1. Mizuho does not dispute that the Field 41D of the Letter of Credit states "[a]vailable [w]ith . . . any bank by negotiation," but otherwise disputes any assertion that CVD

was not required to present its documents to the issuing bank, Mizuho, in a timely manner to drawdown the Letter of Credit, particularly since Capital One did not negotiate or otherwise undertake to advance funds to CVD under the Letter of Credit, but rather forwarded the presentation documents to Mizuho requesting Mizuho's payment directly to CVD.  Huang Decl. Exhs. C and H.  Mizuho also incorporates by reference its reply to CVD's response to Paragraphs 13, 14 and 22 of Mizuho's Rule 56.1 Statement.

2. Mizuho admits that more than five banking days elapsed between December 7, 2009 and December 17, 2009 (Huang Decl. ¶ 24) but denies that the interval between those dates continued to have any relevance to this proceeding.

3. Mizuho further states that CVD's December 10, 2009 presentation was invalid because the ocean bill of lading presented contained false representations as to the date that the shipment in question was "on board" the shipping vessel.  *See* Chang Reply Decl. Exhs. A-E.

Dated: New York, New York
September 30, 2010

    WOLLMUTH MAHER & DEUTSCH LLP

    By: __/s/ Randall R. Rainer_____
        William A. Maher
        Vincent T. Chang
        Randall R. Rainer

    500 Fifth Avenue, 12th Floor
    New York, New York 10110

    *Attorneys for Defendant Mizuho Corporate Bank, Ltd.*