USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/19/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
CVD EQUIPMENT CORPORATION,

        Plaintiff,

-against-

TAIWAN GLASS INDUSTRIAL CORPORATION and
MIZUHO CORPORATE BANK, LTD.,

        Defendants.
---------------------------------------x

10-CV-0573 (RJH)(RLE)

**STIPULATION OF CONFIDENTIALITY**

(Holwell, J.)

**IT IS HEREBY STIPULATED AND AGREED**, by the parties through their undersigned counsel as follows:

1. In connection with discovery proceedings in this action, the parties or subpoenaed non-parties may designate any document, thing, material, testimony or other information derived therefrom or produced therein, as "Confidential" under the terms of this Confidentiality Agreement (the "Agreement"). Confidential information is any discovery materials which the disclosing party reasonably believes contains or discloses that party's proprietary information, confidential business or financial information, customer information, confidential employee or personnel information or other similar sensitive information of a non-public nature.

2. Material designated as confidential under this Agreement, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (the "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of the within action, and for no other purpose.

3. Confidential Material shall be so designated by stamping or watermarking copies of the document produced to a party with the term or legend "CONFIDENTIAL." Affixing the term "CONFIDENTIAL" to the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party. If the recipient of a document marked "CONFIDENTIAL" determines that there is no reasonable basis for such designation, the recipient may challenge the designation, in writing, within twenty-one (21) days of receipt of such material. The producing party shall respond, in writing, within five (5) days of receipt of the written challenge. If the producing party refuses to declassify the materials designated "CONFIDENTIAL," the producing party or the challenging party may petition the Court for an in-camera review of such material to determine whether the material should be declassified.

4. The designation of information disclosed or discussed in the course of depositions as Confidential Material shall be made by a statement to such effect on the record in the course of the deposition or following review of such transcript by counsel for the party whose Confidential Material was disclosed at the deposition. Such review shall occur within the time permitted by law for review, execution and return of the deposition transcript, or within such time as the parties may agree. Within that time period, counsel for the disclosing party shall designate and send to counsel for the other parties the pages and line number designations of the transcript containing Confidential Material. From the date of the deposition through the end of such time period, pending designation (unless made during the deposition), the entire deposition transcript, including exhibits, shall be deemed Confidential Material. If no designation is made within the prescribed time period, the transcript shall be considered not to contain any Confidential Material. The procedure for challenging the designation of Confidential Material in



2

depositions (and in the deposition transcripts) shall be the same as that set forth in paragraph 3 above, with the twenty-one (21) day period for issuing a written challenge to begin when the challenging party receives the deposition transcripts containing the disclosing party's Confidential Material designations.

5. Confidential Material designated as such pursuant to this Agreement may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical and secretarial staff employed by such counsel) and to the "qualified persons" designated below:

   a. any party or any officer, director, or employee of a party deemed necessary by such party's counsel to aid in the prosecution, defense, or settlement of this action;

   b. experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

   c. court reporter(s) employed in this action;

   d. a witness at or prior to any deposition or other proceeding in this action; and

   e. any other person as to whom the parties agree in writing.

The "qualified persons" designated above shall be bound by the terms of this Confidentiality Agreement. Experts or consultants referenced in Paragraph 5(b) above shall be required to add their signatures to the signature page herein evidencing their acceptance of the terms of this Confidentiality Agreement.

6. Confidential Materials shall not be disclosed other than as permitted herein. Confidential Materials may be disclosed to persons other than those listed above only by

obtaining the prior written consent of the party or nonparty so designating the materials or by order of the Court.

7. If Confidential Material is included in any papers to be filed with the Court, such papers shall be labeled "Confidential - Subject to Court Order" and filed under seal by sealing such papers in envelopes marked "CONFIDENTIAL" prior to submitting them to the Court. The papers shall remain under seal until further order of the Court.

8. In the event that any Confidential Material is used in this action or any other court proceeding, it shall not lose its confidential status through such use, and the party using such Confidential Material shall protect its confidentiality as set forth in this Agreement during such use. The use of information which is in the public domain is excluded from the scope of this stipulation.

9. If a producing party inadvertently fails to designate documents as confidential in accordance with the provisions of this Agreement, such failure shall not constitute a waiver of confidentiality if the producing party notifies the recipient in writing within ten (10) days of discovery of such inadvertent failure to designate the documents as confidential.

10. In the event any recipient identified in paragraph 5 to whom Confidential Material is disclosed ceases to engage in the preparation for trial of (or otherwise ceases to be involved with) this proceeding, access by such individual to Confidential Material shall cease. The remaining provisions of this Agreement shall remain in full force and effect as to that individual.

11. The recipient of any Confidential Material provided under this Agreement shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such



4

information as is exercised by the recipient with respect to its own confidential proprietary information.

12. The attorneys of record of the parties herein are responsible for employing reasonable measures to control, consistent with this Agreement, duplication of, access to, and distribution of copies of materials or testimony designated as Confidential Material. Parties shall not duplicate any such materials or testimony except working copies for counsel and for submission to the Court under seal, or otherwise as necessary for the prosecution, defense or settlement of this action.

13. Nothing in this Agreement shall be construed in any way to deprive a party of any rights it may otherwise have, including, but not limited to: (a) any party's right to object to any discovery requests on any grounds; (b) any party's right to seek an order compelling discovery with respect to any discovery requests; (c) any party's right at any proceeding herein to object to the admission of any evidence on any ground; (d) any party's right to assert the attorney-client privilege or the work-product doctrine or other applicable privilege, immunity or protection; or (e) any party's right to use its own confidential information with complete discretion.

14. Nothing in this Agreement shall be construed to preclude any party (or non-party) from seeking a further protective order for any particularly sensitive information as to which such party (or non-party) believes this Agreement is insufficiently protective.

15. Notwithstanding anything in the foregoing to the contrary, any party or non-party may designate material as "Confidential--Attorneys' Eyes Only," but only for material that legitimately involves technological trade secrets relating to technical or scientific information or processes, and not used for a party's financial, personnel or other similar information that is



5

more customarily considered business confidential information. The parties and their counsel will attempt in good faith to limit use of this designation. The procedure for challenging the designation of "Confidential – Attorneys' Eyes Only" shall be the same as that set forth in paragraph 3 above, with the twenty-one (21) day period for issuing a written challenge to begin when the challenging party receives the materials containing the disclosing party's "Confidential -- Attorney's Eyes Only" designations.

16. In the event material is designated as "Confidential--Attorneys' Eyes Only," such information shall only be disclosed to (a) the Court, (b) counsel for a party (including, but only to the extent actually necessary, the paralegal, clerical and secretarial staff employed by such counsel), (c) persons identified in paragraphs 5(b), (c) and (e) above, (d) persons shown to have already seen or obtained such material in the ordinary course of business; and (e) Ms. Jeanne Wang, Esq. of Tsar & Tsai Law Firm (provided that such "Attorneys' Eyes Only" materials shall not be disclosed to other attorneys or employees of Tsar & Tsai Law Firm). Except as agreed in writing, such information shall not be disclosed to the parties. Except as provided for in this and the preceding paragraphs, the provisions of this Agreement applicable to material designated as "Confidential" shall be applicable to material designated as "Confidential--Attorneys' Eyes Only." Notwithstanding anything in the foregoing to the contrary, material designated as "Confidential – Attorneys' Eyes Only" shall not be delivered or transmitted to anyone outside the United States, except to Ms. Wang, as provided above, and upon any transmission to her, may only be viewed by her or other individuals otherwise permitted by this paragraph.

17. If any other court, administrative agency, or arbitration panel subpoenas or orders production of Confidential Material which a party has obtained under the terms of this

Agreement, such party shall promptly (and in any event prior to the production of any Confidential Material pursuant to such subpoena or order) notify the party or other person who designated the discovery materials as confidential of the pendency of such subpoena or order.

18. This Agreement is entered into solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Agreement nor the production of any information or document under the terms of this Agreement nor any proceedings pursuant to this Agreement shall be deemed to have the effect of an admission or waiver by any party herein regarding the confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof. The parties expressly reserve the right to raise before the Court any issue regarding the meaning, force or effect of this Agreement or any designation hereunder of any item, document or testimony.

19. Within thirty (30) days after full conclusion of all aspects of this proceeding, including any appeals, stamped Confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person who produced such documents or, at the option of the producer, destroyed; provided however that this paragraph shall not be construed to require any party to return or destroy copies of any papers which were filed with the Court.

REST OF PAGE LEFT INTENTIONALLY BLANK



20. This Agreement shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this Action, counsel for the parties shall assemble and return to each other all documents and material subject to this Agreement and all copies of same, or shall certify the destruction thereof.

Dated: Uniondale, New York
October __1__, 2010

RUSKIN MOSCOU FALTISCHEK, P.C.

By: _____
Douglas J. Good
Joseph R. Harbeson
*Attorney for Plaintiff*
East Tower, 15th Floor
1425 RXR Plaza
Uniondale, New York 11556-1425
(516) 663-6600

ALLEGAERT BERGER & VOGEL LLP

By: _____
Christopher Allegaert
Howard Chen
*Attorneys for Defendant-Counterclaimant
Taiwan Glass Industrial Corporation*
111 Broadway, 20th Floor
New York, New York 10006
(212) 571-0550

WOLLMUTH MAHER & DEUTSCH LLP

By: _____
William A. Maher
Vincent T. Chang
Randall Rainer
*Attorneys for Defendant Mizuho Corporate Bank, Ltd.*
500 Fifth Avenue
New York, New York 10110
(212) 382-3300

_____
Jeanne Wang, Esq.

SO ORDERED:

_____
RICHARD J. HOLWELL, U.S.D.J.
11/17/10

8