UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CVD EQUIPMENT CORPORATION,

                              Plaintiff,

-against-

TAIWAN GLASS INDUSTRIAL CORPORATION, and
MIZUHO CORPORATE BANK, LTD.,

                              Defendants.
------------------------------------------------------------x

~~PROPOSED~~ **REVISED SCHEDULING ORDER**

Docket No.: 10 CV 0573 (RJH) (RLE)

[Stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 11/19/10]

**A.** **Description of the Case:**

    (i)    Attorneys of Record:

           Douglas J. Good, Esq.
           Joseph R. Harbeson, Esq.
           Ruskin Moscou Faltischek, P.C.
           *Attorney for CVD Equipment Corporation*
           1425 RXR Plaza
           East Tower, 15th Floor
           Uniondale, New York 11556
           516-663-6600
           Fax: 516-663-6745
           dgood@rmfpc.com
           jharbeson@rmfpc.com

           William A. Maher, Esq.
           Randall R. Rainer, Esq.
           Vincent T. Chang, Esq.
           Wollmuth Maher & Deutsch LLP
           *Attorneys for Mizuho Corporate Bank, Ltd.*
           500 Fifth Avenue, 12th Floor
           New York, New York 10110
           212-382-3300
           Fax: 212-382-0050
           wmaher@wmd-law.com
           rrainer@wmd-law.com
           vchang@wmd-law.com

>Christopher Allegaert, Esq.
>Michael Vogel, Esq.
>Howard Chen, Esq.
>Allegaert Berger & Vogel LLP
>*Attorney for Taiwan Glass Industrial Corporation*
>111 Broadway, 20th Floor
>New York, New York 10006
>212-571-0550
>Fax: 212-571-0555
>callegaert@abv.com
>hchen@abv.com

(ii)   Basis for Federal Jurisdiction: Jurisdiction is based upon diversity of citizenship of the parties pursuant to 28 U.S.C. §1332(a)(2), in that the matter in controversy exceeds $75,000.00 and is between a citizen of a state and citizens of foreign states.

(iii)   Claims Asserted in the Complaint and Any Counterclaims: Plaintiff CVD Equipment Corporation ("CVD") claims that defendant Taiwan Glass Industrial Corporation ("Taiwan Glass") breached a contract between the two parties pursuant to which CVD designed and manufactured a deposition system and related equipment for depositing coatings on glass at the Taiwan Glass factory in Taiwan. CVD shipped the equipment but Taiwan Glass refused to accept the goods, allegedly claiming that it had not authorized the shipment and that the goods did not conform to the contract specifications.

CVD also asserts a claim against defendant Mizuho Corporate Bank, Ltd. ("Mizuho") for rejecting a draw upon the letter of credit issued by Mizuho on behalf of Taiwan Glass. CVD alleges that the contract provided that upon shipment of the equipment, CVD could draw upon this letter of credit in the sum of $3,564,000.00.

Among other things, Taiwan Glass has denied that it breached the contract between CVD and Taiwan Glass, and asserts counterclaims against CVD sounding in

2

breach of contract, fraudulent inducement, tortious interference with Taiwan Glass's right to draw upon a standby letter of credit issued by Capital One, N.A. ("Capital One"), fraud, conversion and unjust enrichment.

Taiwan Glass has also filed an Amended Answer and Counterclaim, adding Capital One as a counterclaim-defendant, asserting a claim of $3,564,000 for wrongful dishonor of Taiwan Glass's draw upon the above-referenced standby letter of credit (*see* Docket #32).

(iv)   Major Legal and Factual Issues: Among other things, whether Taiwan Glass or CVD breached the contract between them; whether Taiwan Glass authorized shipment of the equipment; whether the refusal by Taiwan Glass to authorize shipment of the equipment was wrongful and a breach of the contract; whether the equipment as shipped conformed with the contract specification; whether Taiwan Glass' refusal to accept the equipment was wrongful; whether Taiwan Glass was entitled to draw upon the standby letter of credit issued by Capital One and whether Capital One's refusal to honor Taiwan Glass's draw was wrongful; whether CVD's presentation to Mizuho to draw upon the letter of credit complied with the contract and/or the letter; whether CVD's presentation to Mizuho complied with applicable rules governing such letters of credit; and whether the affirmative defenses identified in Mizuho's answer bar CVD's complaint as against Mizuho.

(v)   Relief Sought: Plaintiff seeks breach of contract damages against Taiwan Glass of no less than $5,816,000.00, plus interest, and damages against Mizuho for wrongful dishonor of the letter of credit in the sum of $3,564,000.00, plus interest. Taiwan Glass seeks damages against CVD, to be determined at trial, for breach of contract, fraudulent

inducement, tortious interference with contract, fraud, conversion and unjust enrichment. Taiwan Glass also seeks damages against Capital One for wrongful dishonor of the standby letter of credit, in the amount of $3,564,000, plus applicable interest, costs and other incidental damages.

B. **Proposed Case Management Plan:**

(i) Pending Motions: Taiwan Glass and Mizuho filed their answers to the complaint. On July 28, 2010, Mizuho filed a Rule 56 motion for summary judgment dismissing the complaint against it (Docket ##26-30). On August 31, 2010, CVD cross moved for summary against Mizuho (Docket ##33-35). All replies have been filed. Mizuho has written to the court requesting oral argument on both summary judgment motions.

(ii) Proposed Cutoff Date for Joinder of Additional Parties: 30 days after Taiwan Glass answers, or if it makes a motion to dismiss, 30 days after a decision on the motion. As noted above, Taiwan Glass has filed an Amended Answer and Counterclaim adding Capital One as a counterclaim defendant.

(iii) Proposed Cutoff Date for Amendments to Pleadings: 30 days after Capital One answers the Amended Answer and Counterclaim of Taiwan Glass, or if Capital One makes a motion to dismiss, 30 days after a decision on the motion.

(iv) Proposed Schedule for Completion of Discovery:

    a. Date for Rule 26(a)(1) disclosures: Completed except with respect to additional counterclaim against Capital One; as to that claim, 45 days after completion of service of process by Taiwan Glass upon Capital One.

    b. Fact discovery completion date: March 31, 2011.

4

- Initial interrogatories and requests for production to be served 30 days after Capital One answers, or if it makes a motion to dismiss, 30 days after a decision on the motion.
- Responses to interrogatories and requests for production within 45 days of service of the demands.
- Completion of party depositions by March 31, 2011.

    c.    Date for Rule 26(a)(2) disclosures: April 15, 2011; *see below*.

    d.    Expert discovery completion date, including dates for delivery of expert reports: Initial experts' reports to be provided by April 15, 2011; rebuttal reports by May 15, 2011; depositions of experts to be completed by July 31, 2011.

(v) Proposed Date for Filing Dispositive Motions: any time from the signing of this Scheduling Order through and including August 31, 2011.

(vi) Proposed Date for Filing a Final Pretrial Order: September 15, 2011.

(vii) Proposed Trial Schedule:

    a.    Whether a jury trial is requested: Yes.

    b.    The probable length of trial: Two weeks.

    c.    When the case will be ready for trial: October 15, 2011.

**C.** **Consent to Proceed Before a Magistrate Judge:** The parties do not consent to proceed before a Magistrate Judge.

**D.** **Status of Settlement Discussions:**

(i) No substantive settlement discussions have taken place to date.

(ii) No settlement discussions are currently ongoing.

(iii) The parties do not request a settlement conference.

Dated: November ____, 2010

RUSKIN, MOSCOU, FALTISCHEK, P.C.                    ALLEGAERT BERGER & VOGEL, LLP

By: _____                By: _____
    Douglas J. Good                                         Christopher Allegaert
    Joseph R. Harbeson                                       Howard Chen
    *Attorney for Plaintiff, CVD*                            *Attorneys for Defendant, Taiwan*
    *Equipment Corporation*                                  *Glass Industrial Corporation*
    1425 RXR Plaza                                           111 Broadway, 20th Floor
    Uniondale, New York 11556-1425                           New York, New York 10006
    (516) 663-6600                                           (212) 571-0550

WOLLMUTH MAHER & DEUTSCH LLP

By: _____
    Randall R. Rainer
    William A. Maher
    Vincent T. Chang
    *Attorneys for Defendant, Mizuho*
    *Corporate Bank, Ltd.*
    500 Fifth Avenue, 12th Floor
    New York, New York 10110
    (212) 382-3300

#501006

*[Handwritten:]* There will be oral argument on the motions for summary judgment on 3/4/11 at 11:30 AM.

SO ORDERED

*[Signature]*

USDJ    11/19/10