Paul A. Straus
J. Emmett Murphy
Paul B. Maslo
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

Counsel for Counterclaim Defendant
*Capital One, N.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

CVD EQUIPMENT CORPORATION,  :   Civil Action No.: 10 CV 0573
                                                    (RJH) (RLE)
      Plaintiff,  :

  -against-  :

TAIWAN GLASS INDUSTRIAL  :
CORPORATION, and MIZUHO
CORPORATE BANK, LTD.,  :

      Defendants.  :
-----------------------------------------------------------------x

TAIWAN GLASS INDUSTRIAL  :
CORPORATION,
         :
     Counterclaim Plaintiff,
         :
  -against-
         :
CAPITAL ONE, N.A.,
         :
     Counterclaim Defendant.
-----------------------------------------------------------------x

CAPITAL ONE, N.A.'S INITIAL DISCLOSURES
PURSUANT TO FEDERAL RULE 26(a)(1)

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and the Court's Revised Scheduling Order entered November 19, 2010, Counterclaim Defendant Capital One, N.A. ("Capital One") makes the following initial disclosures based upon information reasonably available to Capital One at this time. Capital One reserves the right to amend or supplement these disclosures, use documents not described herein, and rely on witnesses not identified herein, if necessary, based on its continuing investigations and discovery and as additional information becomes available. In making these disclosures, Capital One does not waive its right to object, pursuant to the applicable Local and Federal Rules, to discovery of information from any of the individuals indicated below, or discovery of any documents or things referenced below. Capital One does not represent that it is identifying every witness, document, or tangible thing possibly relevant to this lawsuit.

> A. **Individuals Likely To Have Discoverable Information**

Pursuant to Federal Rule 26(a)(1)(A), Capital One provides the following list of individuals who may have discoverable, non-privileged information that may be used to support Capital One's claims or defenses. Capital One does not consent to or authorize any party or its counsel to communicate with Capital One's current or former employees or individuals who may have privileged or confidential information or authorize any communications otherwise prohibited by all applicable rules of professional conduct. Any contact with Capital One's employees or former employees should take place through Capital One's counsel of record.

Capital One does not represent that it has identified every knowledgeable individual or witness upon which it may rely for purposes of this lawsuit, and instead expressly reserves the right to supplement its identification of individuals if, during the course of any discovery and investigation relating to this case, Capital One learns that such individuals have

knowledge relevant to any of Capital One's contentions. Capital One reserves the right to rely on such individuals to support its contentions in this case.

Capital One is still in the process of investigating its claims and defenses. Capital One reserves the right to rely on testimony from, and to seek discovery from, other persons who may subsequently become known as persons likely to have discoverable information relevant to Capital One's claims or defenses. Capital One also reserves the right to identify and call as witnesses additional individuals if, during the course of any discovery and investigation relating to this case, Capital One learns that such individuals have discoverable information relevant to Capital One's contentions, or that the presently-identified individuals lack sufficient discoverable information relevant to Capital One's contentions.

| NAME | ADDRESS | SUBJECT(s) OF INFORMATION |
|---|---|---|
| Ruby Huang | Mizuho Corporate Bank, Ltd. ("Mizuho") Taipei Branch 167 Tun Hua North Road 10512 Taipei Taiwan | <ul><li>Standby letter of credit issued by Capital One on or about October 8, 2008 (the "Standby LOC")</li><li>Request by CVD Equipment Corporation ("CVD") to cancel the Standby LOC</li><li>Cancellation of the Standby LOC</li><li>Demands for payment under the Standby LOC</li><li>Documents sent and received in connection with the issuance and cancellation of, and demands for payment under, the Standby LOC</li><li>Letter of credit issued by Mizuho on or about September 12, 2008 (the "Mizuho LOC")</li></ul> |

| NAME | ADDRESS | SUBJECT(s) OF INFORMATION |
|---|---|---|
| Representatives of Mizuho with knowledge of subjects listed | Mizuho Corporate Bank, Ltd. | <ul><li>Standby LOC</li><li>Request by CVD to cancel the Standby LOC</li><li>Cancellation of the Standby LOC</li><li>Demands for payment under the Standby LOC</li><li>Documents sent and received in connection with the issuance and cancellation of, and demands for payment under, the Standby LOC</li></ul> |
| Representatives of Taiwan Glass Industrial Corporation ("Taiwan Glass") with knowledge of subjects listed | Taiwan Glass | <ul><li>Standby LOC</li><li>Request by CVD to cancel the Standby LOC</li><li>Cancellation of the Standby LOC</li><li>Demands for payment under the Standby LOC</li><li>Documents sent and received in connection with the issuance and cancellation of, and demands for payment under, the Standby LOC</li></ul> |
| Leonard A. Rosenbaum | CVD Equipment Corporation 1860 Smithtown Avenue Ronkonkoma, NY 11779 (631) 981-7091 | <ul><li>Standby LOC</li><li>Request by CVD to cancel the Standby LOC</li><li>Cancellation of the Standby LOC</li><li>Demands for payment under the Standby LOC</li><li>Documents sent and received in connection with the issuance and cancellation of, and demands for payment under, the Standby LOC</li></ul> |
| Glen Charles | CVD Equipment Corporation 1860 Smithtown Avenue Ronkonkoma, NY 11779 (631) 981-7091 | <ul><li>Standby LOC</li><li>Request by CVD to cancel the Standby LOC</li><li>Cancellation of the Standby LOC</li><li>Demands for payment under the Standby LOC</li><li>Documents sent and received in connection with the issuance and cancellation of, and demands for payment under, the Standby LOC</li></ul> |

| NAME | ADDRESS | SUBJECT(s) OF INFORMATION |
|---|---|---|
| Karen Hamberg | CVD Equipment Corporation<br>1860 Smithtown Avenue<br>Ronkonkoma, NY 11779<br>(631) 981-7091 | - Standby LOC<br>- Request by CVD to cancel the Standby LOC<br>- Cancellation of the Standby LOC<br>- Demands for payment under the Standby LOC<br>- Documents sent and received in connection with the issuance and cancellation of, and demands for payment under, the Standby LOC |
| Kurian T. Kurian | Capital One, N.A.<br>c/o Paul A. Straus<br>King & Spalding LLP<br>1185 Avenue of the Americas<br>New York, NY 10036<br>(212) 556-2100 | - Standby LOC<br>- Request by CVD to cancel the Standby LOC<br>- Cancellation of the Standby LOC<br>- Demands for payment under the Standby LOC<br>- Documents sent and received in connection with the issuance and cancellation of, and demands for payment under, the Standby LOC |
| Ewart Samuel Daisley | Capital One, N.A.<br>c/o Paul A. Straus<br>King & Spalding LLP<br>1185 Avenue of the Americas<br>New York, NY 10036<br>(212) 556-2100 | - Standby LOC<br>- Request by CVD to cancel the Standby LOC<br>- Cancellation of the Standby LOC<br>- Demands for payment under the Standby LOC<br>- Documents sent and received in connection with the issuance and cancellation of, and demands for payment under, the Standby LOC |

B.   **Documents And Things**

Pursuant to Federal Rule 26(a)(1)(B), copies of documents and things that Capital One may use to support its claims or defenses will be produced at a mutually agreed upon time and place. Confidential documents and things will be produced upon agreement on the terms of, or entry of, a Protective Order.

Capital One does not represent that it has identified every potentially relevant document or tangible thing upon which it may rely for purposes of this lawsuit, and instead expressly reserves the right to supplement its identification of documents and things if, during the course of any discovery and investigation relating to this case, Capital One learns that such documents and things are relevant to any of Capital One's contentions.

Capital One is still in the process of investigating its claims and defenses and reserves its right to produce additional documents and tangible things in support of those claims and defenses. Other documents and things that are not immune from discovery and are responsive to non-objectionable document requests served by Taiwan Glass also will be produced in due course. Capital One reserves the right to rely on such documents to support its contentions in this case.

Capital One provides the following description of the categories of relevant documents in its possession, custody and control that it expects to produce pending entry of a suitable Protective Order:

1. Documents relating to the Standby LOC
2. Documents relating to the request by CVD to cancel the Standby LOC
3. Documents relating to the cancellation of the Standby LOC
4. Documents relating to Mizuho's demands on behalf of Taiwan Glass for payment under the Standby LOC
5. Documents sent and received in connection with the issuance and cancellation of, and demands for payment under, the Standby LOC

Originals or copies of the documents described above are either in the possession of Capital One's litigation counsel or are located at Capital One.

By providing the foregoing description of document categories pursuant to Federal Rule 26(a)(1)(B), Capital One makes no admission as to the relevance or admissibility of any category and expressly does not waive its right to object on any applicable ground to the production of any document on any appropriate ground, including without limitation that such document is subject to protection under the attorney-client privilege, the work product doctrine or any other applicable privilege or immunity. Capital One further reserves the right to object to any request for production on any appropriate ground.

### C.   Computation Of Damages

Capital One has not yet asserted any claims in this action. Capital One reserves the right to supplement this disclosure.

### D.   Insurance Agreements

Capital One Financial Corporation maintains a blended professional liability insurance policy ("Blended Policy") that includes Employment Practices Liability (EPL) and Bankers' Professional Liability (BPL) coverages, with a policy-period from June 30, 2010 through June 30, 2011. Subject to the terms and conditions of the Blended Policy, the limits of liability are $100,000,000 each claim, with $100,000,000 aggregate limit for the policy period. The EPL retention is $5,000,000 each loss. The BPL retention is $25,000,000 each loss.

DATED: January 4, 2010
       New York, New York

KING & SPALDING LLP

*/s/ Paul A. Straus*
_____
Paul A. Straus
J. Emmett Murphy
Paul B. Maslo
1185 Avenue of the Americas
New York, NY  10036-4003
Telephone:  212/556-2100
Facsimile:   212/556-2222