# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, New York 10036-4003
www.kslaw.com

Paul A. Straus
Direct Dial: (212) 556-2136
pstraus@kslaw.com

January 3, 2011

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/14/11

**BY FAX**

The Honorable Richard J. Holwell
United States District Judge
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street, Room 1950
New York, New York 10007-1312

> Re: *CVD Equipment Corporation v. Taiwan Glass Industrial Corporation et al.*
> 10 CV 0573 (RJH)(RLE)

Dear Judge Holwell:

This firm represents counterclaim defendant Capital One, N.A. ("Capital One") in the above-referenced action. Pursuant to section 3.A of Your Honor's Individual Practices, I am writing to request a pre-motion conference in advance of moving to dismiss the claim against Capital One asserted by Taiwan Glass Industrial Corporation ("Taiwan") in its Amended Answer and Counterclaim filed August 31, 2010 (the "Counterclaim"). The basis of Capital One's motion to dismiss is as follows:

Taiwan's sole claim against Capital One is for wrongful dishonor of a standby letter of credit (the "Standby LOC") issued by Capital One on October 8, 2008 in connection with an underlying agreement between Taiwan and CVD Equipment Corporation ("CVD"). It is undisputed that the basis for Capital One's refusal was that the Standby LOC had been cancelled at CVD's request before Taiwan made its demand for payment -- in fact, before Taiwan was even permitted to make a demand for payment under the terms of the Standby LOC. Counterclaim ¶¶ 55, 58 and Ex. C § 7A. It is also undisputed that the Standby LOC provides that it "will be cancelled" on CVD's submission of a bill of lading meeting the conditions set forth in the Standby LOC. *Id.* The sole basis of Taiwan's claim against Capital One is its allegation that the bill of lading CVD submitted with its request failed to satisfy the cancellation conditions of the Standby LOC. Counterclaim ¶ 56. Specifically, Taiwan alleges that Capital One's cancellation was not valid because the bill of lading CVD submitted was required to indicate that the equipment was shipped "on board" a named vessel. Counterclaim ¶ 57. That is the only respect in which Taiwan alleges the Standby LOC failed to satisfy the cancellation conditions. The Counterclaim does not and cannot state a claim against Capital One for two reasons.

January 3, 2011
Page 2

First, there is no such requirement in the Standby LOC. Taiwan's effort to read the requirement of an "on board" indication into the letter of credit is defeated by the plain language of the document, which is annexed as an exhibit to the Counterclaim. Counterclaim Ex. C. Although the Standby LOC sets forth a number of express requirements for the bill of lading -- it must be an original bill of lading, submitted by CVD, issued to the order of Taiwan at its address; dated not later than November 30, 2009 and indicating CVD as shipper -- it does not require that the bill of lading bear an "on board" indication. Counterclaim ¶ 54 and Ex. C § 7A. Significantly, while the description of the bill of lading required for payment under the Mizuho letter of credit issued in connection with the same transaction explicitly requires an "<u>on board ocean</u> bill of lading" (Counterclaim Ex. B § 46A), the Standby LOC does not.

Taiwan attempts to circumvent the unambiguous language of the Standby LOC, which contrasts starkly with that of the Mizuho letter of credit, by citing Article 20 of the Uniform Customs and Practice for Documentary Credits (the "UCP"). Counterclaim ¶ 56. But while the Standby LOC generally adopted the UCP, the UCP itself makes clear that the "on board" requirement applies to documents submitted as part of a presentation seeking <u>payment</u> under a letter of credit, <u>not</u> to documents submitted in support of a request for <u>cancellation</u>.[1] Had Taiwan wanted the "on board" requirement to apply to the bill of lading submitted in support of CVD's request for cancellation, it could have requested that the Standby LOC include this language, exactly as the Mizuho letter of credit did. Counterclaim Ex. B § 46A. Taiwan's effort to ignore this distinction and read additional terms into the standby letter of credit can and should be rejected on a motion to dismiss.

<u>Second</u>, even if Taiwan were correct that UCP Article 20 applied to the cancellation request (which it did not), the Counterclaim would still fail to state a claim against Capital One because CVD submitted a revised bill of lading that <u>contained an "on board" indication</u> and did so before Taiwan made its demand for payment. As every party in this case has acknowledged, and as Taiwan admits, CVD submitted a bill of lading "<u>purporting to have shipped the Equipment to Taiwan Glass</u>." Counterclaim ¶ 65. In other words, it is undisputed that before Taiwan made its demand, CVD submitted a bill of lading that did exactly what Taiwan claims it was required to do. Even if, as CVD now alleges, that bill of lading made "false representations" which "induce[d] Capital One to cancel" (Counterclaim ¶¶ 81-82), the law is crystal clear that Capital One was entitled to rely on the face of the document.[2] Regardless of the merits of the

---

[1] Article 20 only applies where a letter of credit requires "presentation" of a bill of lading. But the only party that can be a "presenter" is the beneficiary. Commentary on UCP 600 (Articles 2, 20).

[2] *See* UCP 600 Article 34 ("A bank assumes no liability or responsibility for the form, sufficiency, accuracy, genuineness, falsification or legal effect of any document, or for the general or particular conditions stipulated in a document or superimposed thereon."); *accord Cooperative Agricole Groupement De Producteurs Bovins De L'ouest v. Banesto Banking Corp.*, No. 86 Civ. 8921(PKL), 1989 WL 82454, at *21 (S.D.N.Y. July 19, 1989) ("The issuing bank's duties are solely ministerial. . . . [T]he bank has no duty to investigate an alleged underlying fraud.") (internal citations omitted).

January 3, 2011
Page 3

underlying dispute, Capital One properly refused to honor Taiwan's post-cancellation demand on the Standby LOC. Taiwan's claim for wrongful dishonor should be dismissed with prejudice.

Capital One recently became aware of the Court's scheduling order dated December 23, 2010 and filed December 29, 2010, which set a briefing schedule for any summary judgment motion that may arise from these counterclaims. Capital One respectfully requests that the following schedule be set for Capital One's motion to dismiss, which retains the same date for reply and argument as the Court's summary judgment schedule:

1. Capital One's motion to dismiss to be filed by January 11, 2011
2. Taiwan's opposition to be filed by February 10, 2011
3. Reply to be filed by February 25, 2011
4. Oral argument on Capital One's motion to dismiss and the pending summary judgment motions on March 18, 2011 at 2:30 p.m.

Capital One is prepared to discuss these matters at the Court's convenience and thanks the Court for its attention.

Respectfully submitted,

*Paul A. Straus*

Paul A. Straus

cc: William A. Maher, Esq. (via e-mail)
Vincent T. Chang, Esq. (via e-mail)
Douglas J. Good, Esq. (via e-mail)
Joseph R. Habeson, Esq. (via e-mail)
Christopher Allegaert, Esq. (via e-mail)
Howard Chen, Esq. (via e-mail)

The pre-motion conference is waived. Capital One may file its motion to dismiss, and briefing shall proceed according to the same schedule as adopted by the Court in its December 23, 2010 order.

SO ORDERED

RICHARD J. HOLWELL
UNITED STATES DISTRICT JUDGE
1/11/11