```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CVD EQUIPMENT CORPORATION,            :    Civil Action No.: 10 CV 0573
                                                          (RJH) (RLE)
                  Plaintiff,          :

           -against-                  :

TAIWAN GLASS INDUSTRIAL               :
CORPORATION, and MIZUHO
CORPORATE BANK, LTD.,                 :

                  Defendants.         :
------------------------------------------------------------x
TAIWAN GLASS INDUSTRIAL               :
CORPORATION,
                                      :
              Counterclaim Plaintiff,
                                      :
           -against-
                                      :
CAPITAL ONE, N.A.,
                                      :
              Counterclaim Defendant.
------------------------------------------------------------x
```

**CAPITAL ONE, N.A.'S RESPONSE AND RULE 56.1 COUNTERSTATEMENT TO TAIWAN GLASS INDUSTRIAL CORPORATION'S STATEMENT OF UNDISPUTED FACTS**

Pursuant to Rule 56.1 of the Local Rules of the Southern District of New York, Counterclaim Defendant Capital One, N.A. ("Capital One") responds to the Statement of Undisputed Material Facts in Support of Taiwan Glass Industrial Corporation's Motion for Summary Judgment as set forth below. By admitting or otherwise responding to any fact, Capital One is not waiving any objection it may have to the use of such fact, including without limitation admissibility, relevance, or the need to consider a particular fact in the context of an entire document or other evidence.

I. **The Standby Letter of Credit**

1. Capital One admits that on or about October 9, 2008 it issued a standby letter of credit (the "Standby LOC") in the amount of $3,564,000.00, with Taiwan Glass Industrial Corporation ("Taiwan") as the beneficiary and plaintiff CVD Equipment Corporation ("CVD") as the applicant. Declaration of Kurian T. Kurian, dated February 18, 2011 ("Kurian Decl.") Ex. A.

2. Admitted.

3. Capital One admits that CVD and Taiwan entered into an agreement dated August 29, 2008 (the "Underlying Agreement") in which Taiwan Glass agreed to purchase certain Equipment to be designed and manufactured by CVD as well as Know-How and an Exhaust Gas System for a total price of $11,880,000. Declaration of J. Emmett Murphy dated February 18, 2011 ("Murphy Decl.") Ex. B.

4. Capital One admits that Taiwan agreed to pay 30% of the purchase price to CVD upon issuance of the Standby LOC. Murphy Decl. Ex. B, at 75.

5. Disputed. Declaration of T.M. Tsai dated January 27, 2011 ("Tsai Decl.") in support of Taiwan's motion for summary judgment ("Tsai Decl.") Ex. 2.

6. Admitted.

7. Admits, and further states that the quoted language is subject to the full text of the Standby LOC. Kurian Decl. Ex. A.

8. Disputed. Capital One admits that Taiwan has correctly quoted several noncontiguous excerpts of the Standby LOC but disputes that the presentation of the documents described entitled Taiwan to draw under the Standby LOC after it was cancelled. Kurian Decl. Ex. A., 3.

2

9. Admitted.

10. Disputed. The Standby LOC does not provide that it "could" be cancelled upon the earliest to occur of certain events, but that it "<u>will</u> be cancelled" upon the earliest to occur of those events. Kurian Decl. Ex. A., 3.

11. Admitted.

## II. The Purported Cancellation of the Standby LC and Taiwan Glass's Attempted Drawings Thereunder

12. Capital One admits that on or about December 8, 2009, Capital One notified Mizuho (Taiwan's bank) that the Standby LOC had been cancelled based on the bill of lading CVD submitted to Capital One. Kurian Decl. Ex. D.

13. Capital One admits that on December 9, 2009, Taiwan Glass, via Mizuho, objected to the cancellation. Kurian Decl. Ex. E.

14. Capital One admits that Mizuho's December 9, 2009 telex to Capital One stated that the original bill of lading was "only a received" bill of lading, that there was "no on board notation," and that "according to UCP 600 Art. 20(A)(I), a bill of lading must appear to indicate that the goods have been shipped on board a named vessel at the port of loading stated in the credit by pre-printed wording or an on board notation indicating the date on which the goods have been shipped on board." Kurian Decl. Ex. E.

15. Disputed. Taiwan Glass admits that the bill of lading indicates that the goods were "shipped," which constitutes an "on board" notation under the UCP. Counterclaim ¶¶ 65, 81-82.

16. Capital One admits that Mizuho's December 9, 2009 telex states "Beneficiary has checked with shipping company and got evidence showing that the

goods are not loaded on board before Nov. 30, 2009 which was not complied with your L/C terms and their contract." Kurian Decl. Ex. E.

17. Admits that Mizuho issued a commercial letter of credit (with Taiwan as applicant) containing a "Latest Date of Shipment" of November 30, 2009. Murphy Decl. Ex. C.

18. Capital One admits that it sent a telex on December 10, 2009, which stated, among other things, the language quoted in paragraph 18. Kurian Decl. Ex. F.

19. Capital One admits that it sent a telex on December 10, 2009, which stated, among other things, the language quoted in paragraph 19. Kurian Decl. Ex. E.

20. Capital One admits that Taiwan responded via a telex from Mizuho on December 14, 2009, which stated, among other things, the language quoted in paragraph 20. Tasi Decl. Ex. 7.

21. Disputed. Capital One admits that Mizuho's December 14, 2009 telex stated, among other things, that "Beneficiary has checked with carrier (OOCL), the on board date is Dec. 05, 2009 which was not complied with your L/C terms and their contract." Tasi Decl. Ex. 7.

22. Disputed. Tsai Decl. Exs. 9, 10.

23. Admitted.

24. Capital One admits that it sent a telex on January 6, 2010, which stated, among other things, the language quoted in paragraph 24. Kurian Decl. Ex. I.

25. Capital One admits that it sent a telex on January 6, 2010, which stated, among other things, the language quoted in paragraph 25. Kurian Decl. Ex. I.

4

26. Capital One admits that Mizuho sent a telex on January 11, 2010 that stated, among other things, that the bill of lading was "invalid." Capital One further states that the same January 11, 2010 telex acknowledges receipt of the revised bill of lading on December 24, 2009. Kurian Decl. Ex. J.

27. Capital One admits that on January 11, 2010 Taiwan again requested payment under the Standby LOC but states that by that date, the Standby LOC had been cancelled. Kurian Decl. Ex. J.

28. Capital One admits that it sent a telex on January 13, 2010, which stated, among other things, that CVD satisfied a condition for cancellation of the Standby LOC. Kurian Decl. Ex. K.

## RULE 56.1 COUNTERSTATEMENT

1. Taiwan's claim against Capital One is based on the Standby LOC, which was issued by Capital One in connection with an underlying agreement between CVD and Taiwan dated August 29, 2008 (the "Underlying Agreement"). Murphy Decl. Ex. B.

2. In the Underlying Agreement, Taiwan agreed to purchase certain equipment (the "Equipment") to be designed and manufactured by CVD. Murphy Decl. Ex. B.

3. Regarding the Standby LOC, the Underlying Agreement provides for a "30% payment against Seller issuing a Standby letter of Credit, [which] expires with shipment." Murphy Decl. Ex. B at 3.

4. Capital One issued the Standby LOC on October 9, 2008 addressed to Mizuho, Taiwan's bank. Kurian Decl. Ex. A.

5

5. Section 6A of the Standby LOC sets out the "Documents Required" to be presented for payment under the Standby LOC. Kurian Decl. ¶ 7 and Ex. A.

6. These documents were to be presented by Mizuho, acting as the advising bank for Taiwan as beneficiary. The earliest that Taiwan was permitted to make a presentation for payment under the Standby LOC was after January 1, 2010. Kurian Decl. ¶ 7 and Ex. A § 7A.

7. The Standby LOC also included a separate section of "Additional Conditions." Kurian Decl. ¶ 8 and Ex. A § 7A. This section included a cancellation clause which provided, in part:

> This letter of credit <u>will be canceled</u> upon . . . copy of an original bill of lading submitted by CVD Equipment Corporation issued to the order of Taiwan Glass Ind. Corp. 261 Sec 3, Nanking E. Rd. Taipei 10566, Taiwan dated not later than November 30, 2009 and indicating CVD Equipment Corporation as Shipper.

*Id.* (emphasis added).[1]

8. Unlike the commercial letter of credit issued by Mizuho on behalf of Taiwan (the "Mizuho LOC," Murphy Decl. Ex. C), the cancellation provision of the Standby LOC did not require a "clean on board ocean bill of lading." *Cf.* Murphy Ex. C § 46A with Kurian Ex. A § 7A. It did not require the bill of lading to state that the Equipment had been loaded on a vessel and did not require a particular date of shipment.

---

[1] Other events that would trigger automatic cancellation under the provision were: (i) the passage of 15 days from its date, if $3,584,000 were not wired to CVD, (iii) Capital One's honoring drawing requests aggregating the stated amount, (iv) the day on which CVD received an authenticated message from Taiwan through Mizuho stating that CVD's obligations under the contract were satisfied, and (v) the expiration date, January 21, 2010. Kurian Decl. ¶ 9 and Ex. A § 7A. The Standby LOC further provided that "The day on which [Mizuho] deliver[s] this letter of credit to us for cancellation, this letter of credit shall terminate and we shall no longer have any obligation hereunder." *Id.*

6

9. Other events that would trigger automatic cancellation under the cancellation provision were: (i) the passage of 15 days from its date, if $3,584,000 were not wired to CVD, (iii) Capital One's honoring drawing requests aggregating the stated amount, (iv) the day on which CVD received an authenticated message from Taiwan through Mizuho stating that CVD's obligations under the contract were satisfied, and (v) the expiration date, January 21, 2010. Kurian Decl. ¶ 9 and Ex. A § 7A. The Standby LOC further provided that "The day on which [Mizuho] deliver[s] this letter of credit to us for cancellation, this letter of credit shall terminate and we shall no longer have any obligation hereunder." *Id.*

10. On December 2, 2009, CVD sent Capital One a letter requesting cancellation of the Standby LOC. Kurian Decl. ¶ 11 and Ex. B.

11. In its cancellation request, CVD enclosed a bill of lading that met all the requirements of the cancellation provision: It was an original bill of lading, submitted by CVD, issued to Taiwan at the required address, dated November 27, 2009, and indicating CVD as Shipper. Kurian Decl. ¶ 11 and Ex. C.

12. The bill of lading purported to have shipped the Equipment to Taiwan. *Id.* Upon this submission, the Standby LOC was cancelled by its own express terms. Kurian Decl. ¶ 11 and Ex. A § 7A.

13. On or about December 8, 2009, Capital One notified Mizuho (Taiwan's bank) that the Standby LOC had been cancelled based on the bill of lading CVD submitted to Capital One. Kurian Decl. ¶ 12 and Ex. D.

14. Mizuho indicated that it disagreed with the cancellation because, it claimed, the bill of lading submitted by CVD was required to have an "on board" indication. Kurian Decl. ¶ 13 and Ex. E.

15. Capital One explained that no "on board" indication was required for cancellation. Kurian Decl. ¶ 14 and Ex. F.

16. Nevertheless, on December 24, 2009, CVD submitted to Capital One another original bill of lading dated November 27, 2009 and stamped "CLEAN ON BOARD," which Capital One forwarded to Mizuho at CVD's request. Kurian Decl. ¶ 15 and Ex. G.

17. On January 4, 2010, Taiwan made a demand for payment under the cancelled Standby LOC. Kurian Decl. ¶ 17 and Ex. H.

18. Taiwan alleges that Capital One responded on or about January 7, stating that (as Taiwan was aware) the Standby LOC had been cancelled on or about December 9, 2009. Kurian Decl. ¶ 18 and Ex. I.

19. Capital One also advised Taiwan that the submission did not conform to the language of the Standby LOC. *Id.*

20. Taiwan made another demand for payment under the cancelled Standby LOC on January 11, 2010, purporting to correct the non-conforming language. Kurian Decl. ¶ 19 and Ex. J.

21. Capital One again responded that the Standby LOC had been cancelled upon CVD's submission of a complying bill of lading. Kurian Decl. ¶ 20 and Ex. K.

8

Dated: February 18, 2011
       New York, New York

                                        KING & SPALDING LLP

                                        By: _/s/ Paul A. Straus_____
                                              Paul A. Straus
                                              J. Emmett Murphy
                                              Paul B. Maslo

                                        1185 Avenue of the Americas
                                        New York, NY  10036
                                        Tel:  (212) 556-2100
                                        Fax:  (212) 556-2222

                                        Attorneys for Capital One, N.A.