UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | | |
|---|---|---|
| CVD EQUIPMENT CORPORATION, | : | Civil Action No.: 10 CV 0573 |
| | | (RJH) (RLE) |
| Plaintiff, | : | |
| -against- | : | |
| TAIWAN GLASS INDUSTRIAL CORPORATION, and MIZUHO CORPORATE BANK, LTD., | : | |
| Defendants. | : | |

-----------------------------------------------------------------x

TAIWAN GLASS INDUSTRIAL
CORPORATION,

         Counterclaim Plaintiff,

         -against-

CAPITAL ONE, N.A.,

         Counterclaim Defendant.
-----------------------------------------------------------------x

### DECLARATION OF KURIAN T. KURIAN
### IN OPPOSITION TO TAIWAN GLASS INDUSTRIAL CORPORATION'S
### MOTION FOR SUMMARY JUDGMENT

I, KURIAN T. KURIAN, hereby declare under penalty of perjury as follows:

    1.    I am a Senior Vice President of Counterclaim Defendant Capital One, N.A. ("Capital One"). I respectfully submit this declaration in opposition to the motion for summary

judgment filed by Taiwan Glass Industrial Corporation ("Taiwan") against Capital One. I am fully familiar with the facts set forth herein.

2. I am responsible for managing the Capital One Letter of Credit Department. I have over thirty years of experience dealing with both standby and commercial letters of credit.

3. Taiwan's claim against Capital One is based on a Standby Letter of Credit (the "Standby LOC"), which was issued by Capital One in connection with an underlying agreement between CVD and Taiwan dated August 29, 2008. A true and correct copy of the Standby LOC is attached hereto as Exhibit A.

4. CVD originally drafted the terms of the Standby LOC. It is the industry practice for the advising Banks to instruct the beneficiary to review the terms of the letter of credit, and if the beneficiary does not agree with any terms and conditions to contact the applicant and issuer to get the terms changed. Taiwan made no request for changes to the Standby LOC at any time.

5. Capital One issued the Standby LOC on October 9, 2008 addressed to Mizuho Corporate Bank, Ltd. ("Mizuho"), Taiwan's bank. As is customary in the industry, Capital One submitted the Standby LOC to Mizuho for approval by Mizuho's client, Taiwan. Once Mizuho received the Standby LOC, Mizuho and Taiwan each had an opportunity to review and approve the language. If the language did not meet what they believed they were entitled to, they could have advised Capital One and requested a revised Standby LOC. In my experience, parties routinely state that an "ocean" or "on board" bill of lading must be provided under a letter of credit if that is the type of bill of lading they want.

6. Neither Mizuho nor Taiwan raised a single issue with the language of the Standby LOC. Neither asked that the cancellation provision specify that an "on board" or "ocean" bill of lading be required to cancel. Neither asked that the Standby LOC specify a particular date for

2

shipment. Instead, by wiring the funds as instructed in the Standby LOC, Taiwan accepted the terms of the Standby LOC in all respects.

7. The Standby LOC sets out the "Documents Required" to be presented for payment. Ex. A. § 6A. These documents were to be presented by Mizuho, acting as the advising bank for Taiwan as beneficiary. The earliest that Taiwan was permitted to make a presentation for payment under the Standby LOC was after January 1, 2010. Ex. A § 7A.

8. The Standby LOC also included a separate section of "Additional Conditions." This section included a cancellation clause which provided, in part:

> This letter of credit will be canceled upon . . . copy of an original bill of lading submitted by CVD Equipment Corporation issued to the order of Taiwan Glass Ind. Corp. 261 Sec 3, Nanking E. Rd. Taipei 10566, Taiwan dated not later than November 30, 2009 and indicating CVD Equipment Corporation as Shipper.

Exhibit A § 7A (emphasis added).

9. Other events that would trigger automatic cancellation under the provision were: (i) the passage of 15 days from its date, if $3,564,000 were not wired to CVD, (iii) Capital One's honoring drawing requests aggregating the stated amount, (iv) the day on which CVD received an authenticated message from Taiwan through Mizuho stating that CVD's obligations under the contract were satisfied, and (v) the expiration date, January 21, 2010. The Standby LOC further provided that "The day on which [Mizuho] deliver[s] this letter of credit to us for cancellation, this letter of credit shall terminate and we shall no longer have any obligation hereunder." Exhibit A § 7A.

10. The cancellation provision of the Standby LOC did not require a "clean on board ocean bill of lading." It did not require the bill of lading to state that the Equipment had been loaded on a vessel and did not require a particular date of shipment.

3

11. On December 2, 2009, CVD sent Capital One a letter requesting cancellation of the Standby LOC. It enclosed a bill of lading that met all the requirements of the cancellation provision: It was an original bill of lading, submitted by CVD, issued to Taiwan at the required address, dated November 27, 2009, and indicating CVD as Shipper. The bill of lading purported to have shipped the Equipment to Taiwan. Upon this submission, the Standby LOC was cancelled by its own express terms. A true and correct copy of CVD's December 2, 2009 letter requesting cancellation is attached hereto as Exhibit B. A true and correct copy of the bill of lading submitted to Capital One dated December 2, 2009 is attached hereto as Exhibit C.

12. On December 8, 2009, Capital One notified Mizuho (Taiwan's bank) that the Standby LOC had been cancelled based on the bill of lading CVD submitted to Capital One. A true and correct copy of the December 8, 2009 communication is attached hereto as Exhibit D.

13. Mizuho responded on December 9, 2009, indicating that it disagreed with the cancellation because, it claimed, the bill of lading submitted by CVD was required to have an "on board" indication. A true and correct copy of the December 9, 2009 communication is attached hereto as Exhibit E.

14. Capital One replied on December 10, 2009 and explained that no such indication was required for this purpose. Without conceding that Article 20 applied to the bill of lading for purposes of the cancellation provision, it explained its belief that the bill of lading did satisfy Article 20. A true and correct copy of the December 10, 2009 communication is attached hereto as Exhibit F.

15. Nevertheless, on December 24, 2009, CVD submitted to Capital One another original bill of lading dated November 27, 2009 and stamped "CLEAN ON BOARD," which

Capital One forwarded to Mizuho at CVD's request. A true and correct copy of the December 24, 2009 letter and revised bill of lading is attached hereto as Exhibit G.

16. Even under Taiwan's analysis, this revised bill of lading was indisputably an "on board" bill of lading and met the requirements of UCP 600 Article 20. Even if the first bill of lading had not cancelled the Standby LOC – which it did – the Standby LOC was certainly cancelled on December 24, 2009, when CVD submitted this revised bill of lading.

17. On January 4, 2010 – nearly two weeks after CVD submitted the revised bill of lading – Taiwan made a demand for payment under the cancelled Standby LOC. A true and correct copy if Mizuho's presentation is attached hereto as Exhibit H.

18. Capital One responded on January 6, 2010 stating that (as Taiwan was aware) the Standby LOC had been cancelled. Capital One referred Taiwan to Capital One's December 8, 2009 correspondence. Capital One also advised Taiwan that the language in the beneficiary's statement did not conform to the language required in the Standby LOC. A true and correct copy the January 6, 2010 communication is attached hereto as Exhibit I.

19. Taiwan made another demand for payment under the cancelled Standby LOC on January 11, 2010, purporting to correct the non-conforming language. A true and correct copy of the January 11, 2010 correspondence is attached hereto as Exhibit J.

20. Capital One again responded on January 13, 2010 that the Standby LOC had been cancelled upon CVD's submission of a complying bill of lading. A true and correct copy of the correspondence between Capital One and Taiwan is attached hereto as Exhibit K.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 18, 2011

New York, New York

_____
KURIAN T. KURIAN